Richard A. Clark
State Bar No. 39558
(rclark@pmcos.com)
Steven R. Platt
State Bar No. 245510
(splatt@pmcos.com)
PARKER, MILLIKEN, CLARK, O'HARA
& SAMUELIAN. P.C.
555 S. Flower Street, 30th Floor
Los Angeles, CA 90071
Telephone:  (213) 683-6500
Facsimile:  (213) 683-6669

Joe G. Hollingsworth (*pro hac vice* application forthcoming)
(jhollingsworth@hollingsworthllp.com)
Katharine R. Latimer (*pro hac vice* application forthcoming)
(klatimer@hollingsworthllp.com)
Eric G. Lasker (*pro hac vice* application forthcoming)
(elasker@hollingsworthllp.com)
HOLLINGSWORTH LLP
1350 I Street, N.W.
Washington, DC 20005
Telephone:  (202) 898-5800
Facsimile:  (202) 682-1639

Attorneys for Defendant
MONSANTO COMPANY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERI MICHELLE MCCALL, individually and as successor in interest for the estate of ANTHONY JACKSON MCCALL, deceased,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MONSANTO COMPANY<br><br>　　　　Defendant. | Case No.: 2:16-cv-01609-SJO-SS<br><br>**MONSANTO COMPANY'S OPPOSITION TO PLAINTIFF'S NOTICE OF RELATED CASE** |

Despite differences in the injuries alleged and law to be applied, among others, plaintiff claims her case is related to two others pending against Monsanto Company ("Monsanto") in this district[1] and should be transferred to the same court as *Rubio*. Plaintiff's transfer request is based on the misguided premise that the cases are related because each involves allegations regarding glyphosate. *See* Notice of Related Case (ECF No. 4). Glyphosate is the active ingredient in Monsanto's Roundup® herbicides, and has been approved for decades by the United States Environmental Protective Agency ("EPA"). During that time, EPA has repeatedly stated that glyphosate does not cause cancer. *See* Monsanto's Memorandum of Points and Authorities in Support of Its Motion to Sever and Transfer or Dismiss Claims in Plaintiffs' Amended Complaint, *Rubio v. Monsanto Company*, No. 2:15-cv-07426, ECF No. 47-1, at 2-3 (C.D. Cal. Nov. 9, 2015) (hereinafter "Monsanto Mot."). Pursuant to Local Rule 83-1.3.3, Monsanto files this objection to transfer.

## I. TRANSFER IS FUTILE BECAUSE NEITHER *RUBIO* NOR *HUERTA* IS PROPERLY VENUED IN THIS DISTRICT.

As an initial matter, transfer of plaintiff's case to the *Rubio* court is premature and, if granted, would cause rather than eliminate judicial inefficiencies because *Rubio* is not properly venued in this district. The *Rubio* complaint contains allegations by two plaintiffs who incorrectly joined their product liability claims and who have no current connection to the Central District of California. Monsanto Mot. at 7-19. Monsanto's motion to sever, dismiss, or transfer both plaintiffs' claims to more appropriate forums outside of this district is pending and, if granted, would leave no part of the *Rubio* complaint pending here. Similarly, although plaintiff does not request the transfer of *Huerta* to the *Rubio* court, it appears that

---

[1] *Rubio, et. al. v. Monsanto Company*, No. 2:15-cv-07426 (C.D. Cal.) (Gee, J.); *Huerta, et. al. v. Monsanto Company, et. al.*, No. 2:16-cv-00153 (C.D. Cal.) (King, J.).

the clerk has included *Huerta* for transfer consideration.  Transferring *Huerta* would create more judicial inefficiency.  Although Monsanto has not yet been served with the complaint, it is clear from the face of the pleading that *Huerta* is also subject to dismissal or transfer under 28 U.S.C. §1404(a) because the key allegations therein occurred outside of the Central District of California.

It defies logic to transfer more cases to the *Rubio* court's docket because *Rubio* was the first filed case, when both *Rubio* and *Huerta* should be dismissed or transferred to another federal court.  Such a scenario would leave the *Rubio* court with only the *McCall* case and questions about plaintiff's true motives for requesting transfer.[2]  *See Standing Comm. on Discipline of U.S. Dist. Ct. for the Cent. Dist. of Cal. v. Yagman*, 55 F.3d 1430, 1443 (9th Cir. 1995).

## II.     FACTUAL AND LEGAL DIFFERENCES BETWEEN PLAINTIFFS' CLAIMS ALSO MAKE TRANSFER INAPPROPRIATE.

Plaintiff's argument that *Rubio*, *Huerta*, and this case share so many similar questions of law and fact as to require placement before a single judge under General Order No. 14-03 and Local Rule 83-1.3 is also meritless.  Even a cursory review of the three complaints reveals that the most significant legal and factual issues presented therein are distinct from each other.  For example, contrary to the assertions in plaintiff's Notice, there is no such thing as a generic "cancer" case – even from a general causation standpoint, each type of cancer is distinct, most are idiopathic, and plaintiffs' attempts to prove general causation will involve many different types of human and animal data and alleged risk factors.  On an individual level, any claim about cancer causation also requires an analysis of each individual's unique medical history.  Those differences are reflected in the different types of cancer at issue in these cases.  Yolanda Mendoza, a plaintiff in *Rubio*, and

---

[2] The plaintiff in the *Huerta* case is represented by one of the same counsel (R. Brent Wisner) as plaintiff here.  However, a Notice of Related Case has not been filed in *Huerta*.

- 2 -
MONSANTO'S OPP. TO PLAINTIFF'S NOTICE OF RELATED CASE
2:16-CV-01609

Brenda Huerta claim to have been diagnosed with non-Hodgkin's lymphoma as a result of their exposure to Roundup®, whereas Enrique Rubio asserts claims regarding his diagnosis with multiple myeloma.  Plaintiff here alleges that doctors diagnosed her husband with large cell lymphoma that she alleges was caused by his exposure to Roundup®.  *See Rubio*, Monsanto Company's Notice of Motion and Motion to Dismiss Plaintiffs' Amended Complaint, No. 2:15-cv-07426, ECF No. 48-1, at 4 (C.D. Cal. Nov. 9, 2015); *Huerta*, ECF No. 2-1, at ¶ 72; Complaint, ECF No. 1 at ¶ 79.  And, of course, each plaintiff has a distinct medical history.

Discovery and resolution of the cause of each plaintiff's (or plaintiff's decedent's) alleged cancer and what, if any, damages resulted will turn on distinct medical evidence and the various laws to be applied.[3]  The key fact witnesses necessary to adjudicate each plaintiff's specific causation claims, including the diagnosing and treating physicians, will be different.  The expert testimony regarding each plaintiff will differ significantly with respect to the different types of cancers alleged and individualized questions of alternative risk factors for those cancers.

Other key differences exist among plaintiffs' claims as well, including the alleged Monsanto products at issue and the methods and extent of exposure. Further, plaintiffs assert different causes of action that in turn introduce more case-specific questions of law.  For example, only the instant complaint contains a Wrongful Death allegation.  Complaint, ECF No. 1, at ¶¶ 14-18.  The claims asserted by the two plaintiffs in *Rubio* also differ from each other – Ms. Mendoza asserts a breach of express warranty claim that Mr. Rubio does not.  In *Huerta*, plaintiff asserts unique claims against defendants other than Monsanto.  Although it is true that all of plaintiffs' complaints alleged failure to warn claims, those claims

---

[3] Texas substantive law applies to and bars Enrique Rubio's claims. *See Rubio*, ECF No. 48-1, at 8-15 (C.D. Cal. Nov. 9, 2015).

still must be decided independently of each other because different factual situations are involved and different state laws are at issue.  Transfer in such circumstances hinders rather than promotes judicial efficiency.

Because the claims of the plaintiffs in the three Central District of California cases call for the application of various states' laws over varying time periods, as well as an examination of diverse cancers allegedly caused by exposure to Roundup®, they share very few case-specific questions of law and fact in common.  Therefore, burdening the docket of one court with all three cases offers no judicial efficiencies.

## III.   TRANSFER HERE WOULD TRANSFORM THIS COURT INTO A MAGNET FOR UNRELATED CLAIMS.

That allegations regarding exposure to glyphosate are made in all complaints does not change this analysis or satisfy the requirements for transfer.  If it did, this Court would be required to preside over all unrelated claims of plaintiffs alleging distinct exposures to, and injuries from, glyphosate-based herbicides that have no connection to each other.  That is clearly not the intent of General Order No. 14-03 and Local Rule 83-1.3.  Although it is possible that certain aspects of Monsanto's development of glyphosate may be relevant to discovery in both cases, much of the discovery is case-specific, including issues such as product identification, use in accordance with labeling instructions, and the complicated general and specific causation issues discussed above.  Multiple plaintiffs' counsel in these actions are involved in other state and/or federal actions alleging various differing injuries from glyphosate use and accordingly will be proceeding in those forums regardless of the Court's ruling on plaintiff's request for transfer.

## IV.   CONCLUSION

This action does not stem from the same events and does not involve the same legal or factual issues as those being litigated in *Rubio* and *Huerta*.  Thus, for all of the reasons discussed above, this Court should deny plaintiff's request for

transfer pursuant to C.D. Cal. Local Rule 83-1.3 and General Order No. 14-03.

DATED:  March 14, 2016

Joe G. Hollingsworth (*pro hac vice* application forthcoming)
(jhollingsworth@hollingsworthllp.com)
Katharine R. Latimer (*pro hac vice* application forthcoming)
(klatimer@hollingsworthllp.com)
Eric G. Lasker (*pro hac vice* application forthcoming)
(elasker@hollingsworthllp.com)
HOLLINGSWORTH LLP
1350 I Street, N.W.
Washington, DC  20005
Telephone:  (202) 898-5800
Facsimile:  (202) 682-1639

Respectfully submitted,

/s/ Richard A. Clark
Richard A. Clark
State Bar No. 39558
(rclark@pmcos.com)
Steven R. Platt
State Bar No. 245510
(splatt@pmcos.com)
PARKER, MILLIKEN, CLARK, O'HARA
& SAMUELIAN. P.C.
555 S. Flower Street, 30th Floor
Los Angeles, CA 90071
Telephone: (213) 683-6500
Facsimile:  (213) 683-6669


Attorneys for Defendant
MONSANTO COMPANY